The Honorable Russ Bennett State Representative Route 1, Box 328 Lewisville, AR 71845
Dear Representative Bennett:
This is in response to your request for an opinion concerning local school board members touring school facilities. Your question, restated, is as follows:
 Do School Board members have the right to tour the Stamps Schools without being in violation of any law or having to call the `press' ahead of time?
You have asked this question on behalf of a Stamps School Board member who has presented the following motion to the Board:
 Starting the day of the January 1999 board meeting and continuing each month on the day of the regular board meeting, any members of the Stamps School Board who wish to, will meet at the upper elementary school office at 11:30 a.m. and tour any or all school facilities.
RESPONSE
Question — Do School Board members have the right to tour the StampsSchools without being in violation of any law or having to call the`press' ahead of time?
It is my opinion that the answer to your question will turn on whether, under the particular circumstances, there is a "meeting" of the School Board for purposes of the Arkansas Freedom of Information Act ("FOIA") (A.C.A. § 25-19-101 et seq.). If so, the required statutory notice must be given. See A.C.A. § 25-19-106(b) (Repl. 1996). Because this will likely require a factual determination, I cannot conclusively resolve the matter in the limited format of this opinion. I will, however, address the general legal framework to guide the factual analysis.
First, with regard, generally, to the legality of the School Board touring the school as proposed in the above motion, I believe this will require a determination as to whether this constitutes a "regular" meeting of the Board for purposes of A.C.A. § 6-13-619. This provision, which is addressed specifically to school board meetings, states in relevant part as follows:
 (a)(1) The board of directors shall hold regular monthly meetings during the school term and shall meet on call of the president or secretary or any three (3) members of the board or when petitioned to do so by a petition in writing signed by fifty (50) electors in the district.
 (2) Regular meetings of the school board and all school board committees, and special meetings of the school board and school board committees that deal with personnel or personnel policies, shall, except in emergency situations, be held after 5:00 p.m.
A.C.A. § 6-13-619(a) (Supp. 1997).
This office has previously interpreted this provision to mean that special meetings of the school board that do not deal with personnel or personnel policies may be held before 5:00 p.m. See Op. Att'y Gen. Nos.93-301 and 93-161. I agree with that interpretation. Clearly, however, based upon the plain language of § 6-13-619(a), regular meetings may only be held after 5:00 p.m. This raises the question of whether there is a "regular meeting" of the school board when members meet to tour the school in accordance with the motion set out above.
In my opinion, this motion does not on its face suggest that this will be the case. The motion states that "any members . . . who wish to" will meet at the school office for a tour. The members thus apparently have the discretion to forego any such tour, suggesting at least on the face of it that the Board does not intend for any such gathering to be a "regular meeting." In the absence of facts indicating otherwise, therefore, it is my opinion that those who tour the school in accordance with this motion will not thereby be holding a "regular meeting" subject to § 6-13-619, and that generally such a tour can occur before 5:00 p.m. without violating § 6-13-619.
The question then arises whether there is a "meeting" at all when such a tour occurs, such that proper notice must be given under the FOIA. The FOIA expressly provides in this regard that "all meetings, formal or informal, special or regular, of the governing bodies of all . . . school districts" must be conducted as open public meetings in compliance with the FOIA. A.C.A. § 25-19-106(a) (Repl. 1996). The FOIA thus requires that even "informal" meetings of governing bodies are held publicly, and the requirement applies even though only some of the members are present.See Mayor of El Dorado v. El Dorado Broadcasting Co., 260 Ark. 821,544 S.W.2d 206 (1976).
This compels me to conclude, as did my predecessor, that any regular gathering of members of a governing body demands close scrutiny with an eye toward potential evasion of the FOIA. See Op. Att'y Gen. 95-020. Certainly, it would be unreasonable to suggest that a "meeting" will necessarily occur each time school board members visit the school. On the other hand, the regular monthly gathering envisioned under the above motion may come much closer to constituting a meeting for purposes of the FOIA, particularly given the likelihood that there will be some discussion of school-related matters during the tour. Indeed, the mere fact that they are gathering together for the tour might suggest that the discussion of board business, and resultant board action, is foreseeable. This is significant in light of the fact that a "meeting," within the meaning of the FOIA as interpreted by the Arkansas Supreme Court, is any gathering of the body in question — even if less than a quorum — for the purpose of discussing any matter upon which foreseeable action might be taken. El Dorado Broadcasting, supra; Op. Att'y Gen. Nos. 98-104 and 96-074. A review of the judicial decisions in this area indicates that the court has consistently focused on what has occurred at the particular gathering in question, and what action can be taken as a result of the gathering. Id.; see also Arkansas Gazette Co. v. Pickens,258 Ark. 69, 522 S.W.2d 350 (1975).
It becomes apparent that the question of whether a "meeting" is being held, for purposes of the FOIA, under these or similar circumstances, demands a review of all surrounding facts and thus is not susceptible to any conclusive resolution in an opinion from this office. If any discussion of school business during the monthly tour is anticipated, I believe the Board would be well advised to treat it as a meeting under the FOIA and provide notice. This issue should, however, be presented to the Board's local counsel who will be better positioned to assess the situation in view of the above legal analysis.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh